IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 97-00195 |
| | ) | CIVIL ACTION NO. 05-0032-CB |
| ESTHER MITCHELL, | ) | |
| Defendant/Petitioner. | ) | |

## ORDER

This matter is before the Court on a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by Esther Mitchell, a person in federal custody.  (Doc. 115.)  In response, the government has filed a motion to dismiss on the ground that the motion is time barred.  (Doc. 122.)  On February 17, 2005, the Court ordered petitioner to show cause on or before March 17, 2005 why the motion to dismiss should not be granted.  On March 14, 2005, petitioner filed a motion requesting that the Court extend the time for filing a response an additional 30 days.  The Court granted the motion.  More than 30 days have passed, and petitioner has filed no response.  For the reasons set forth below, the government's motion to dismiss is granted.

**Background**

Petitioner was convicted, after a jury trial, of possession with intent to distribute crack cocaine. She was sentenced on April 29, 1998 to a term of imprisonment of 264 months.  Petitioner appealed, and her conviction was affirmed on appeal by judgment entered July 26, 1999.  Petitioner filed the instant § 2255 petition on January 18, 2005.

**Discussion**

Any motion pursuant to section 2255 must be filed within one year from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Since no other date for finality is suggested, the one-year limitations period must, by default, run from the date conviction became final. When a petitioner's conviction has been affirmed on appeal and no petition for writ of certiorari was filed, the judgment of conviction becomes final when the time for filing a petition for writ of certiorari expires. *Clay v. United States*, 537 U.S. 522 (2003). A petition for writ of certiorari must be field within 90 days after the court of appeals enters judgment. S. Ct. R. 13.1. Applying these principles in this case, petitioner's conviction become final on October 25, 1999 (90 days after the July 26th judgment). Petitioner did not file her § 2255 motion until more than five years later. It is clearly barred by the one-year limitations period.[1]

**Conclusion**

For the reasons set forth above, the government's motion to dismiss is **GRANTED**. It is hereby **ORDERED, ADJUDGED** and **DECREED** that petitioner's motion be and hereby is **DISMISSED** with prejudice.

**DONE** this the 18th day of May, 2005.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[1] Because her motion relies on a recent Supreme Court, *Blakely v. Washington*, 124 S. Ct. 2531 (2004), petitioner might argue that the right she asserts is newly recognized and, therefore, the one-year limitations period began to run from the date of the *Blakely* decision. A few days before petitioner's motion was filed, the Supreme Court decided *Booker v. United States*, 125 S. Ct. 738 (2005), which applies the principles announced in *Blakely* to the United States Sentencing Guidelines. *Booker,* and by extension *Blakely*, is not retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005). Consequently, neither of those decisions provides a later accrual date from which the limitations period would run.